IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HELEN FERGUSON,                )
                               )
         Plaintiff,            )
                               )
    v.                         )
                               )  Civil Action No. 07-239J
MICHAEL J. ASTRUE,             )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
         Defendant.            )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 4th day of March, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Farqnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on November 4, 2004, alleging disability beginning September 2, 2004, due to respiratory problems, arthritis and hand and leg numbness. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on July 13, 2006, at which plaintiff appeared represented by counsel. On October 18, 2006, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on July 27, 2007, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 59 years old at the time of the administrative hearing and is classified as a person of advanced age under the regulations. 20 C.F.R. §§404.1563(e), 416.963(e). Plaintiff has a ninth education. Plaintiff has past relevant work experience as a cashier/cook, but she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of obesity, mild degeneration of the right hip and mild degenerative disc disease of the lumbar spine, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform medium work with a number of other limitations. Plaintiff is limited to occasional crouching and crawling, but she must avoid balancing or climbing ladders, ropes or scaffolds. Plaintiff requires a sit/stand/walk option that allows her to take four or five steps away from her work station during a one minute period up to five times an hour. In addition, plaintiff is limited to occasional pushing and pulling with the lower right extremity, and she is precluded from work involving pedals. Finally, plaintiff is limited to occasional overhead work, and she must avoid work that involves unprotected heights, as well as work that involves prolonged exposure to cold temperature extremes, extreme wetness or humidity (collectively, the "RFC Finding").

Based on the vocational expert's testimony, the ALJ determined that plaintiff can perform her past work as a

AO 72
(Rev. 8/82)

cashier/cook. In addition, the ALJ further relied upon the vocational expert's testimony to conclude that plaintiff's age, educational background, work experience and residual functional capacity enable her to perform other work that exists in significant numbers in the national economy, such as a packer/bagger, ticket printer, folding machine operator, surveillance monitor and gauger. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the

criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 4 and 5 of the sequential evaluation process by arguing that the ALJ's RFC Finding[1] is not based on substantial evidence. Specifically, plaintiff argues that the ALJ erred by failing to give controlling weight to the opinion of Dr. Larry Adams, who was her treating physician, concerning her residual functional capacity. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2). Under this standard, Dr. Adams'

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

opinion was not entitled to controlling weight.

Plaintiff contends the ALJ should have given controlling weight to Dr. Adams' assessment that plaintiff can perform sedentary work. Dr. Adams' opinion concerning plaintiff's residual functional capacity was set forth on a form entitled "Physical Assessment Form", on which he checked boxes to indicate her ability to perform various physical functions required at work. (R. 228-29). Dr. Adams stated that he diagnosed plaintiff with osteoarthritis and peripheral neuropathy, and stated that decreased sensation in plaintiff's legs and feet supported his assessment. (R. 230). However, Dr. Adams did not respond to the portion of the form which asked him to comment on how plaintiff's medical condition affects her ability to work. (R. 230).

Dr. Adams' opinion that plaintiff is limited to sedentary work is contradicted by objective medical evidence and his own treatment notes. First, x-rays of plaintiff's right hip and right knee revealed only mild degenerative osteoarthritis. (R. 191). The fact that plaintiff's osteoarthritis was mild is confirmed by Dr. Adams' treatment notes. Between October 2004 and May 2006, Dr. Adams examined plaintiff 19 times. (R. 187, 218-227). Plaintiff reported complaints of hip, back or knee pain on only four of those visits. (R. 187, 222, 226-27). As observed by the ALJ, Dr. Adams' treatment notes do not reflect the allegations of chronic pain that she now alleges. (R. 22). All of plaintiff's other visits with Dr. Adams were for diabetes follow-up, medication checks, regular check-ups or treatment for colds and

sinus problems. (R. 187, 218-227). Despite Dr. Adams' opinion on the Physical Assessment Form that plaintiff could perform only sedentary work, he never stated in his treatment notes that plaintiff was limited in any way due to her alleged disabling impairments. Finally, as the ALJ noted, the fact that plaintiff takes nothing more than Ibuprofen for pain is inconsistent with the degree of pain and functional limitation that she alleges. (R. 22, 67).

All of the above indicates that while plaintiff may have had limitations resulting from her impairments, they were not as restrictive as Dr. Adams' opinion that she could perform only sedentary work. Accordingly, the court finds that the ALJ properly assessed Dr. Adams' opinion and explained the reasons why he did not give that opinion controlling weight.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                                                          */s/ Gustave Diamond*
                                                                          Gustave Diamond
                                                                          United States District Judge

cc: Karl E. Osterhout, Esq.
    1789 South Braddock Avenue
    Suite 570
    Pittsburgh, PA 15218

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901